UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THANG KHAN MANG                                    PLAINTIFF

V.                                           CIVIL ACTION NO.  3:21-CV-403-KHJ-MTP

STATE FARM FIRE AND                            DEFENDANT
CASUALTY COMPANY

ORDER

This insurance-coverage dispute is before the Court on Plaintiff Thang Khan Mang's ("Mang") Motion to Remand [4]. For the reasons below, the Court finds the Motion to Remand should be DENIED.

I.      Facts and Procedural History

Plaintiff Mang operated a sushi counter inside Kroger located at the Jacksonian Plaza in Jackson, Mississippi. In February 2021, the Jackson metropolitan area experienced a severe snowstorm, causing a water system failure due to water main breaks and a shutdown of water treatment plants. As a result, many Jackson residents, including the Jacksonian Plaza Kroger, were without water. Pl.'s Memo in Support of Mot. to Remand [5].

Mang alleges that Defendant State Farm Fire and Casualty Company ("State Farm") wrongfully denied his claims for income and property loss from that storm. Mang sued in state court, alleging breach of contract and bad-faith denial of claims.

State Farm removed the action to federal court on diversity grounds. [1]. Mang then moved to remand the case to state court. [4]. The parties agree they are completely diverse, however, they dispute whether the amount in controversy exceeds $75,000 as 28 U.S.C. § 1332 requires.

II.   Standard

A party may remove a case from state to federal court under 28 U.S.C. § 1441(b) when, on the face of the complaint, it appears the case invokes one or more grounds for federal subject-matter jurisdiction. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). When, as here, a party premises subject-matter jurisdiction on diversity of citizenship, 28 U.S.C. § 1332(a) controls. Section 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between ... citizens of different states." "The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $ 75,000." *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

To determine whether jurisdiction exists, the district court "considers the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of removal.").

"Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno*, 276 F.3d at 723.

III.   Analysis

The parties agree that complete diversity exits. But Mang insists that State Farm cannot satisfy the amount-in-controversy requirement under 28 U.S.C. § 1332. The only damages quantified in Mang's Complaint are for loss of income and product totaling $16,415.77. [1-2] at 5. Mang also makes an unspecified demand for compensatory, actual, and punitive damages, as well as attorneys' fees, costs, and expenses associated with litigation. *Id.* at 5, 8-9.

State Farm, as the party invoking federal jurisdiction, bears the initial burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000. This burden is satisfied if the Court, in examining the Complaint, determines it is facially apparent that the amount in controversy exceeds the jurisdictional amount.

Mang asserts it is not apparent from the face of his Complaint that the requested relief exceeds $75,000 and therefore the Court should remand the case. As for punitive damages, Mang says that both Miss. Code Ann. § 11-1-65 and due process limit the award for such damages. [5] at 5. He argues that the ratio of punitive damages to compensatory damages is limited to single digits to comport with due process. *Id.* Mang notes both the Fifth Circuit and the Mississippi Supreme Court have held that "around three times actual or compensatory damages is a proper measure of punitive damages." *Id.* at 6. He then refers to a case

3

in which the Mississippi Supreme Court allowed remittitur of punitive damages to 3 1/3 times actual damages. *Id.* Assuming actual damages are around $10,000 under the policy's language, punitive damages would total $30,000 to $33,333.33, or if actual damages are the full $16,415.77, punitive damages would total $49,247.31 to $54,719.23. Mang therefore insists that his actual and punitive damages would not exceed $75,000. *Id.*

In contrast, State Farm argues it is facially apparent from the Complaint that the amount in controversy exceeds $75,000 based on either Mang's request for unspecified punitive damages or his request for $16,415.77 in actual damages added to an unspecified amount of punitive damages. Def.'s Memo. [9] at 6-7. State Farm is correct.

 "It is well settled that, if Mississippi law permits punitive damages attendant to the particular claims the plaintiff is seeking redress for, then those damages are included in the computation of the amount in controversy." *Conner v. First Fam. Fin. Serv., Inc.*, No. 4:01-cv-242-P-B, 2002 WL 31056778, at *8 (N.D. Miss. Aug. 28, 2002) (quoting *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). Mississippi recognizes a cause of action for bad-faith failure to pay for purposes of insurance, giving rise to a claim for punitive damages. *Allstate Ins. Co. v. Hilburn*, 692 F. Supp. 698, 701 (S.D. Miss. 1988).

Some cases hold that demands for an unspecified amount of punitive damages are enough to meet the jurisdictional requirement pursuant to Mississippi law. *Anderson v. Safeway Ins. Co.*, No. 3:15-cv-00054-M-A, 2015 WL 3604276, at *2

4

(N.D. Miss. June 8, 2015) (citing *St. Paul Reinsurance Co., Ltd.*, 134 F.3d at 1253). "Indeed, federal courts in Mississippi have routinely held that unspecified claims for punitive damages sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332." *See e.g., Marcel v. Pool Co.*, 5 F.3d 81, 84-85 (5th Cir. 1993); *Myers v. Guardian Life Ins. Co. of Americs, Inc.*, 5 F. Supp. 2d 423, 428-29 (N.D. Miss. 1998); *Conner*, No. 4:01-cv-242-P-B, 2002 WL 31056778, at *8; *Haney v. Cont'l Cas. Co.*, No. 3:08-cv-482-DPJ-JCS, 2008 WL 5111021, at *2 (S.D. Miss. Dec. 2, 2008). But other cases "look more rigorously at the complaint's factual allegations to determine whether the combination of compensatory and punitive damages could truly support a recovery above $ 75,000." *Evans v. Red Shield Admin. Inc.*, No. 3:18-CV-464-CWR-FKB, 2018 WL 4288724, at *1 (S.D. Miss. Aug. 17, 2018) (finding that an unspecified punitive damages demand is itself insufficient to meet the amount in controversy requirement).

Mang's Complaint requests "punitive damages in an amount to be determined by the jury, but in any event in an amount sufficient to both punish State Farm for its wrongful denial of Mang's claim . . . and to deter similar conduct in the future." [1-2] at 8. He also requests actual damages, either in the amount of $10,000 or $16,415.77. Although he does not request a specific amount of punitive damages, a punitive damage award, when added to actual damages of either $10,000 or $16.415.77, could exceed the jurisdictional threshold. *See Anderson*, No. 3:15-cv-00054-M-A, 2015 WL 3604276, at *1 (finding that the amount in

controversy requirement satisfied when the plaintiff sought $25,000 in compensatory damages and an unspecified amount of punitive damages); *Walker v. Scales*, No. 1:13-cv-00227-SA-DAS, 2014 WL 670216, at *1 (N.D. Miss. Feb. 20, 2014) (finding that the amount in controversy requirement satisfied when the plaintiff sought $46,000 in compensatory damages and an unspecified amount of punitive damages). The Court therefore concludes that State Farm has carried its burden to show by a preponderance of the evidence that the amount in controversy exceeded $75,000 when it removed the case.

The burden now shifts to Mang to show with legal certainty that his claim is for less than $75,000. This "is not a burden shifting exercise. . . a plaintiff must make all information known at the time he files his complaint." *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 388 (5th Cir. 2009). A plaintiff can satisfy this legal certainty obligation by pointing in his Complaint "to a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause and that prohibits the initial *ad damnum* clause." *De Aguilar*, 47 F.3d at 1413. But without a statute, a plaintiff must file a binding stipulation or affidavit with his complaint that limits his recovery to prevent removal. *Id.*; *see also Manguno*, 276 F.3d at 724. Later filings are irrelevant once a defendant removes the case. *De Aguilar*, 47 F.3d at 1413. And as recognized by this Court, "when a plaintiff fails to admit or stipulate that he will not accept more than $75,000 in damages, a federal court may deem that failure to be sufficient proof that the amount in controversy exceeds

$75,000." *Webb v. Walmart Inc.*, No. 1:18-cv-397-LG-RHW, 2019 WL 576006, at *2 (S.D. Miss. Feb. 12, 2019).

Mang argues that any punitive damages award is limited by Miss. Code Ann. § 11-1-65 and due process. He states that a "4-to-1 ratio" of punitive damages to compensatory damages is proper. [10]. Actual or compensatory damages, according to Mang, are limited to a $10,000 maximum by the policy's language. Thereby, the amount in controversy with punitive damages is $50,000, which is below the $75,000 threshold. *Id.* at 4. State Farm highlights that Mang did not file an affidavit with his Complaint limiting the form or amount of recovery. Because Mang did not cap his damages at the outset of the action, State Farm insists that Mang is precluded from capping his damages at this stage, and thereby Mang has failed to show with a legal certainty that his claims do not exceed $75,000. [9] at 3.

Mang did not cite in his Complaint a statute prohibiting recovery of damages that exceed those requested in the *ad damnum* clause. With no statute, State Farm is correct that Mang cannot prevent removal because he did not file a binding stipulation or affidavit limiting the amount of potential recovery. Further, nowhere in his Complaint does Mang state that he will not accept more than $75,000. Instead, Mang alleges a specific dollar amount of $16,415.77, along with "all actual damages, compensatory damages, contractual damages, attorneys' fees, costs, litigation, . . . investigative expenses" and an unspecified amount of punitive damages. [1-2] at 9. And consistent with this Court's rulings, a plaintiff's failure to

7

admit or stipulate that he will not accept more than $75,000 in damages is sufficient proof that the amount in controversy exceeds the jurisdictional threshold.

Because Mang has failed to show with a legal certainty that his claims do not exceed $75,000, this Court finds that the amount in controversy requirement is satisfied.

IV. Conclusion

This Court has considered all arguments. State Farm, as the removing party, has shown it is facially apparent that Mang's claims likely exceed $75,000, and Mang has failed to show with a legal certainty that his claims fall below the jurisdictional minimum. For the reasons stated, this Court DENIES Mang's Motion to Remand [4]. The parties should contact the Magistrate Judge's chambers within seven days of this Order to schedule the case management conference.

SO ORDERED AND ADJUDGED this the 8th day of September, 2021.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE